**Not for Publication**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

HOWARD JOHNSON INTERNATIONAL, INC.,

    *Plaintiff*,

v.

SHLOK, LLC, *et al.*,

    *Defendants*.

Civil Action No. 18-9962

**OPINION**

**John Michael Vazquez, U.S.D.J.**

    This matter comes before the Court on Plaintiff Howard Johnson International, Inc.'s ("HJI") unopposed motion for default judgment against Defendants Shlok, LLC ("Shlok"), Nalay Patel, and Saurabh Kumar Desai pursuant to Federal Rule of Civil Procedure 55(b).  D.E. 38.  The Court reviewed all submissions made in support of the motion and considered the motion without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1(b).  For the reasons that follow, Plaintiff's motion is **GRANTED**.

**I.    FACTS[1] AND PROCEDURAL HISTORY**

    On or about December 19, 2014, HJI entered into a Franchise Agreement (the "Agreement") with Shlok for the operation of a 65-room Howard Johnson® guest lodging facility (the "Facility") located in Jennings, Louisiana for a fifteen-year term.  Am. Compl. at ¶ 22, Ex. A.  Among other things, Shlok was required to make renovations to bring the facility into compliance, as defined by the Agreement, and to continue operating the facility at defined standards.  *Id.* ¶¶

---

[1] The facts of this matter derive from the Amended Complaint, D.E. 12, as well as the affidavits and exhibits submitted in conjunction with Plaintiff's motion for default judgment.

23-25.  Shlok was also required to make certain payments to HJI "for royalties, marketing contributions, taxes, interest, reservation system fees, and other fees," which the Agreement collectively referred to as "Recurring Fees."  *Id.* ¶ 29.  According to the Agreement, Shlok owed interest to HJI on any past due amount at a rate of 1.5% per month or the maximum amount permitted by the applicable law, whichever was less, accruing from the due date until the amount was paid.  *Id.* ¶ 30.  Finally, Shlok was required to obtain and maintain insurance coverage for the facility.  *Id.* ¶ 26.

Defendants Patel and Desai provided HJI with a Guaranty of Shlok's obligations under the Agreement.  *Id.* ¶ 38, Ex. B.  Pursuant to the Guaranty, Patel and Desai agreed that in the event of a default, they would "immediately make each payment and perform or cause [Shlok] to perform, each unpaid or unperformed obligation of [Shlok] under the agreement."  *Id.* ¶ 39.  Patel and Desai also agreed, through the Guaranty, to pay the costs, including reasonable attorneys' fees, incurred by HJI in enforcing its rights under the Agreement or the Guaranty.  *Id.* ¶ 40.

The Agreement further provided that HJI could terminate the Agreement with notice to Shlok for various reasons, including the failure to (1) pay any amount due to HJI under the Agreement; (2) remedy any other default or warranties under the Agreement within 30 days of written notice; or (3) "receipt of two or more notices of default under the [Agreement] in any one year period, whether or not the defaults were cured."  *Id.* ¶ 33.  In the event of a termination, Shlok agreed to pay liquidated damages in accordance with the formula specified in the Agreement.  *Id.* ¶ 34.  Shlok was also required to "immediately cease using all of the Howard Johnson® Marks" if the Agreement was terminated.  *Id.* ¶ 36.

Through a June 4, 2018 letter, HJI terminated the Franchise Agreement due to numerous defaults under the Agreement that occurred during the preceding two years.  On May 24, 2016,

HJI began notifying Defendants of various events of default, including the failure to pay outstanding Recurring Fees, to provide proof of insurance, and to allow inspections to ensure that Defendants were operating the facility up to the required standards. *Id.* ¶¶ 42-62. The June 4 letter explained that Shlok was required to de-identify the facility within 10 days and pay liquidated damages, and also made a demand for all outstanding Recurring Fees. *Id.* ¶ 62. After HJI terminated the Agreement, Shlok continued to use the Howard Johnson® Marks. *Id.* ¶¶ 64-67.

On May 31, 2018, HJI filed its initial Complaint, seeking payment of certain Recurring Fees, liquidated damages, interest, attorneys' fees, and costs of suit. D.E. 1. On January 19, 2019, HJI filed an Amended Complaint, which includes additional allegations as to HJI's termination of the Agreement and asserts a claim under the Lanham Act due to Defendants' continued use of the Howard Johnson® Marks. D.E. 12. On May 15, 2019, Defendants filed an Answer. D.E. 18.

Defendants' attorney then filed a motion to withdraw as counsel on February 12, 2020. D.E. 28. On July 7, 2020, Judge Clark granted the motion to withdraw. Judge Clark explained that Defendants had until August 15, 2020 to obtain new counsel. Judge Clark continued that if Defendants failed to inform the Court that they obtained new counsel or intended to proceed *pro se* by this date, Plaintiff could request that the Clerk enter default against Defendants.[2] D.E. 35. Defendants did not retain new counsel and failed to notify the Court that any Defendant intended to proceed *pro se*. Accordingly, Plaintiff requested that default be entered against all Defendants on August 24, 2020. D.E. 37.

The Clerk of the Court subsequently entered default as to Defendants, and on October 9, 2020, Plaintiff filed the instant motion for default judgment. D.E. 38. Through the motion,

---

[2] Judge Clark reminded Defendants that corporate entities must be represented by counsel. D.E. 35.

3

Plaintiff seeks $198,259.59 in outstanding Recurring Fees, inclusive of interest, and $92,306.60 in liquidated damages, inclusive of interest.  Fenimore Aff. ¶¶ 41, 48-49, D.E. 38-4.

## II.    STANDARD OF REVIEW

Rule 55 allows for the entry of default against a party that fails to plead or otherwise defend claims asserted against it.  Fed. R. Civ. P. 55.  The "or otherwise defend" clause allows a court to enter default judgment "because a party has failed to comply with a court's orders, file a pretrial memorandum or respond to discovery requests" and when a party "fail[s] to appear at a conference after filing an answer."  *Jeweled Cross Co. v. Buy-Rite Designs, Inc.*, No. 08-1821, 2010 WL 143689, at *2 (D.N.J. Jan. 12, 2010) (internal citations omitted).

"The entry of a default judgment is largely a matter of judicial discretion."  *Chanel, Inc. v. Gordashevsky*, 558 F. Supp. 2d 532, 535 (D.N.J. 2008).  This discretion, however, "'is not without limits," as the Third Circuit has repeatedly explained that cases should be decided on the merits when practicable.  *Id.* (quoting *Hritz v. Woma Corp.*, 732 F.2d 1178, 1181 (3d Cir.1984)).  Accordingly, a court must determine the appropriateness of default judgment by weighing (1) the prejudice suffered by the party seeking default judgment; (2) whether the party subject to the default has a meritorious defense; and (3) the culpability of the party subject to default.  *Jeweled Cross Co.*, 2010 WL 143689, at *2.[3]

---

[3] When determining whether to grant a motion for default judgment, the Court must usually determine whether (1) it has personal and subject matter jurisdiction; (2) the defendants were properly served; (3) the complaint sufficiently pleads a cause of action; and (4) the plaintiff has proven damages.  *Days Inns Worldwide, Inc. v. Jinisha Inc.*, No. 14-6794, 2015 WL 4508413, at *1 (D.N.J. July 24, 2015).  Because Defendants filed an answer in this matter, this additional analysis is not necessary.  *See Jeweled Cross Co. v. Buy-Rite Designs, Inc.*, No. 08-1821, 2010 WL 143689, at *2 (D.N.J. Jan. 12, 2010) (setting forth the default judgment analysis when default is entered due to a defendant's failure to otherwise defend after filing answer).  The Court also independently reviewed the pleadings and ensured that it had subject-matter jurisdiction.

### III. ANALYSIS

#### A. Default Judgment Factors

In this instance, all three factors weigh in favor of entering default judgment. As for the first factor, Defendants failed to obtain new counsel after Judge Clark granted their attorney's motion to withdraw. D.E. 35. Moreover, Patel and Desai have given no indication that they intend to pursue this matter *pro se*, and as an entity, Shlok cannot proceed without representation. Thus, Plaintiff is prejudiced because it cannot move forward with this matter. In addition, no Defendant responded to the motion for default judgment.

Turning to the second factor, a defendant demonstrates a meritorious defense if "allegations of defendant's answer, if established on trial, would constitute a complete defense to the action." *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 195 (3d Cir. 1984). To establish a meritorious defense, a defendant must provide "specific facts beyond simple denials or conclusionary statements." *Id.* Defendants' Answer amounts to conclusory denials and fails to provide any specific facts that would establish a compete defense. Moreover, Defendants have not provided any other information to suggest that complete defense exists here. Because it does not appear that Defendants have a meritorious defense, this factor also weighs in favor of granting Plaintiff's motion.

The third factor also weighs towards granting the motion for default judgment. Defendants' decision to ignore Judge Clark's Order appears willful. Defendants were advised of Judge Clark's decision through the Order itself and through a letter from their former attorney advising them that the motion to withdrawn was granted. D.E. 36. As a result, the Court concludes that Defendants are culpable. Consequently, the Court finds that all three factors demonstrate that default judgment is warranted in this instance.

### B. Damages

While the factual allegations of the complaint "will be taken as true" for a motion for default judgment, the amount of damages must still be proven. *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990). Further, courts have "considerable latitude in determining the amount of damages" to award with respect to a motion for default judgment. *Paniagua Grp., Inc. v. Hospitality Specialists, LLC*, 183 F. Supp. 3d 591, 605 (D.N.J. 2016).

#### 1. Recurring Fees

As discussed, Plaintiff seeks $198,259.59 in outstanding Recurring Fees, inclusive of interest. Fenimore Aff. ¶ 41. Section 7 of the Agreement sets forth the Recurring Fees that Shlok is required to pay Plaintiff, including royalty fees based off the gross room revenue, a marketing contribution, and fees for the reservations system. *See* Am. Compl., Ex. A, § 7; *see also id.*, Sched. C (providing further explanation of certain Recurring Fees). In addition, Section 7.3 states that HJI is entitled to recover interest on any outstanding Recurring Fees. *Id.*, Ex. A, § 7.3. Moreover, Patel and Desai are personally liable for the Recurring Fees through the Guaranty. *See id.*, Ex. B. With this motion, Plaintiff provides a detailed list of the outstanding Recurring Fees still owed to HJI by Defendants. *See* Fenimore Aff., Ex. X. HJI sufficiently establishes that it is entitled to recover $198,259.59 in outstanding Recurring Fees, inclusive of interest.

#### 2. Liquidated Damages

Plaintiff also seeks liquidated damages. "Whether a liquidated damages clause is enforceable is a question of law for the court to decide." *Naporano Assocs., L.P. v. B & P Builders*, 706 A.2d 1123, 1127 (N.J. App. Div. 1998) (quoting *Wasserman's Inc. v. Township of Middletown*, 645 A.2d 100, 110 (N.J. 1994)). When a liquidated damages clause is negotiated by parties with comparable bargaining power, the ultimate issue is whether the amount of liquidated

damages is reasonable, either at the time of contract formation or the breach. *Id.* But "[a] term fixing unreasonably large liquidated damages is unenforceable on grounds of public policy as a penalty." *Ramada Worldwide Inc. v. Khan Hotels LLC*, No. 16-2477, 2017 WL 187384, at *6 (D.N.J. Jan. 17, 2017) (quoting Restatement (Second) of Contracts § 356(1) (1981)).

Under Section 18.4 of the Agreement, the amount of liquated damages amounts to $1,000 for each guest room at the facility. Am. Compl., Ex. A, § 18.4. The Agreement permits Shlok to operate a 65-room facility. *Id.*, Ex. A, Sched. B. Moreover, per Section 7.2 of the Agreement, Shlok must pay interest on any outstanding amounts due to HJI. *Id.*, Ex. A, § 7.2. And again, Patel and Desai are personally responsible for any amount of liquidated damages through the Guaranty. *See id.*, Ex. B. Accordingly, through this motion, Plaintiff seeks $65,000 in liquidated damages, plus interest from Defendants. HJI's claims for liquidated damages do not require any further evidentiary proof as the amount was contractually agreed upon. *See, e.g.*, *Super 8 Motels, Inc. v. B & J (Radha), LLC*, No. 05-5713, 2006 WL 3256828, at *5 (D.N.J. Nov. 9, 2006). There is also no suggestion that the parties had unequal bargaining power. Last, the purpose of the liquidated damages clause is to compensate HJI for a premature termination because actual damages are difficult to estimate. Fenimore Aff. ¶¶ 42-43. Therefore, the amount of liquidated damages appears reasonable here given the fact that when the parties entered into the Agreement, they expected the facility to remain open for more than ten years after the termination date. The Court, therefore, will award Plaintiff $92,306.60 for liquidated damages plus interest.

## IV. CONCLUSION

For the reasons set forth above, Plaintiff's motion for default judgment (D.E. 38) is **GRANTED**.  An appropriate Order accompanies this Opinion.

Dated: December 31, 2020

_____
John Michael Vazquez, U.S.D.J.